**Don Corson, OSB# 851777**
dcorson@corsonjohnsonlaw.com
**Derek Larwick, OSB #120334**
dlarwick@corsonjohnsonlaw.com
**CORSON & JOHNSON LAW FIRM**
940 Willamette Street, Suite 500
Eugene, Oregon 97401
Telephone: (541) 484-2525
Facsimile: (541) 484-2929

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| AARON WILMOT,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br>Defendant. | Case No. 6:16-cv-1466<br><br>COMPLAINT<br><br>FEDERAL TORT CLAIM; PERSONAL<br>INJURY - NEGLIGENCE<br>(28 U.S.C. § 1346) |

For his claim for personal injury, Plaintiff Aaron Wilmot states:

### PARTIES

1.

Defendant United States of America is a proper party to this action brought pursuant

to the statutory provisions of the Federal Tort Claims Act seeking money damages for

**COMPLAINT - 1**

personal injury caused by the negligent acts and/or omissions of one or more federal employees while acting within the scope of their federal employment. Title 28 U.S.C. §§ 1346(b), 1402, 2401(b), 2402, 2671-2680, et seq. (hereafter "FTCA"). Plaintiff's allegations are against one or more federal employees who, at all material times, were employed by the United States Department of Veterans Affairs ("VA") at its VA Roseburg Healthcare System, including at the Veterans Health Administration ("VHA") facility located in Roseburg, Oregon, and its Roseburg VA Medical Center hospital in Roseburg, Oregon, which is a "federal agency" as defined in the FTCA. 28 U.S.C. § 2671.

2.

Plaintiff Aaron Wilmot is an honorably-discharged, non-active United States Marine Corps Veteran, an Oregon citizen, and a resident of Roseburg, Oregon.

**JURISDICTION AND VENUE**

3.

This is a circumstance where, if the United States of America were a private person, liability would be imposed under the laws of the State of Oregon, upon its VA healthcare system, its hospital, and its employees and agents charged with the responsibility of care of, monitoring of, and recording and transmitting information regarding Plaintiff Aaron Wilmot on July 23, 24, and 25, 2014.

4.

The exclusive remedy against these agents and employees of the VA for its hospital,

**COMPLAINT - 2**

medical and/or healthcare negligence is under the Federal Tort Claims Act pursuant to 10 U.S.C. § 1089, et seq.

5.

This Court has jurisdiction over this FTCA action against the United States of America pursuant to federal question jurisdiction as provided by 28 U.S.C. § 1331 and 1346.

6.

On or about January 6, 2016, Plaintiff Aaron Wilmot caused an administrative claim Form 95 and supporting documentation to be sent to the appropriate office, Veterans Affairs Office of Regional Counsel, 100 SW Main St., Floor 2, Portland, Oregon, and those materials were received on January 8, 2016. Plaintiff's Form 95, cover letter, and return receipt are attached as Exhibit A.

7.

To date, Plaintiff Wilmot is not aware of any action taken by United States of America to resolve this claim. Pursuant to the FTCA, if a person is dissatisfied with the action or inaction taken regarding his or her claim, and if six months have elapsed from the date of the Form 95, the person may commence a civil action. 28 U.S.C. §§ 2401(b), 2675(a). More than six months have now passed since the Form 95 was filed, and there has been no final disposition made by the appropriate Federal Agency. All administrative prerequisites to filing suit under the FTCA have been met. Pursuant to 38 U.S.C. 2675(a), Plaintiff Wilmot may commence this action.

**COMPLAINT - 3**

8.

Venue is proper under 28 U.S.C. § 1391(b)(2), 1391(e), and 1402(b) because a substantial portion of the events giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

9.

In the summer of 2014, Plaintiff Aaron Wilmot was an experienced and competitive athlete.  On the morning of July 23, 2014 he was lifting weights at a gym in Roseburg, Oregon, when he became injured.  Veteran Wilmot sought immediate treatment at the Roseburg VA Medical Center Emergency Department.

10.

Shortly before 8:45 a.m. on July 23, 2014, Veteran Wilmot walked into the Roseburg VA Medical Center hospital emergency room and reported to the hospital emergency room staff that he was experiencing lower back pain that had begun earlier that morning when he was lifting weights.  Veteran Wilmot reported that he had been dead-lifting weights at the time of the injury and that he had heard a popping sound.  Veteran Wilmot also reported the he experienced a burning pain on both sides of his lower back, that the bottoms of his feet were numb, and that he experienced tingling in the bottom of his left foot and down his left leg.

11.

At about 9 a.m., Defendant, through its Roseburg VA Medical Center Emergency

COMPLAINT - 4

Department physician, found that Veteran Wilmot's distal neurovascular was intact, diagnosed lower back muscular strain, and sent Veteran Wilmot home with a prescription and with instructions.

12.

Following Defendant's instructions, Veteran Wilmot returned home, after which time he experienced new symptoms, including numbness in his genital area and his buttocks area.

13.

Shortly after 10:30 a.m. on July 23, Veteran Wilmot called the VA Roseburg Healthcare System and VHA facility and reported numbness in his genital area and buttock area.

14.

The VA Roseburg Healthcare System did not return Veteran Wilmot's call that morning. At approximately 12:30 p.m., Veteran Wilmot returned to the Roseburg VA Medical Center hospital Emergency Department. Due to his difficulty walking, Veteran Wilmot came to the waiting room by wheelchair.

15.

At that second visit to the Roseburg VA Medical Center Emergency Department on July 23, Veteran Wilmot reported his symptoms, including numbness in his feet, legs, genital area, and buttock area. He was again instructed to return home and to take the

**COMPLAINT - 5**

previously-prescribed medications.

16.

Sometime after 4 p.m. on July 23 an employee of the VA Roseburg Healthcare System returned the call Veteran Wilmot had made shortly after 10:30 a.m. that morning. In that late afternoon return call, Veteran Wilmot reported persistent numbness and tingling to his buttocks and groin area and trouble with urination. The VA Roseburg Healthcare System scheduled a follow-up appointment for Veteran Wilmot for the afternoon of the following day, July 24.

17.

At the July 24 afternoon appointment with the VA Roseburg Healthcare System, Veteran Wilmot reported his symptoms, including numbness in his buttock and groin areas, trouble with urination, and "pins and needles" in his saddle area.

18.

The VA Roseburg Healthcare System, through its employees, performed a physical examination on Veteran Wilmot on the afternoon of July 24, which showed no rectal response to digital rectal examination, no normal rectal pressure when requested to squeeze, and markedly decreased right patellar reflex.

19.

Magnetic resonance imaging was ordered for Veteran Wilmot's lower (lumbar) spine, which showed spinal injury consistent with cauda equina syndrome. Arrangements were

COMPLAINT - 6

made by approximately 3:36 pm on July 24 to send Veteran Wilmot  for neurosurgical treatment to Sacred Heart Medical Center at RiverBend in Springfield, Oregon.  Veteran Wilmot was later transported to Sacred Heart Medical Center at RiverBend, arriving at about 10:13 p.m.  On the morning of July 25, 2014, Veteran Wilmot underwent surgery on his lower spine to treat the cauda equina syndrome.

## DUTY, NEGLIGENCE, FORESEEABILITY

20.

Defendant, through its VA Roseburg Healthcare System, VHA facility in Roseburg, and Roseburg VA Medical Center, was negligent in one or more of the following ways:

a.      In failing to timely order imaging of Veteran Wilmot's lower spine;

b.      In failing to timely diagnose Veteran Wilmot's cauda equina syndrome;

c.      In failing to document in Veteran Wilmot's medical records his second in-person visit to the Roseburg VA Medical Center Emergency Department on July 23, 2014; and

d.      After later diagnosing Veteran Wilmot's cauda equina syndrome, in failing to properly arrange for urgent transportation and urgent surgery for Veteran Wilmot's spine condition.

21.

Defendant, through the VA Roseburg Healthcare System and its Roseburg VA

COMPLAINT - 7

Medical Center, knew or should have known that each of the acts or omissions above would cause a foreseeable risk of harm to patient veterans, including Veteran Aaron Wilmot.

22.

The negligence of Defendant was a substantial factor in causing Veteran Aaron Wilmot to suffer permanent harm and injuries to his lower spine, including permanent, incomplete paraplegia with neurological dysfunction, bowel and bladder and related organ dysfunction, gait instability, fear, pain, discomfort, disability, loss of sleep, emotional distress, anxiety, interference with normal life activities, and loss of enjoyment of life, all to his human, non-economic damage and losses in an amount to be determined by the Court in accordance with the law and the evidence, not to exceed $5,250,000.

23.

As a result of the described events and injuries, Veteran Aaron Wilmot has required the care and services of physicians, surgeons, nurses, physical therapists, other healthcare specialists, diagnostic imaging, medical products, and medications, and in the future he will require additional medical care, products, and services, all to his economic loss in an amount to be determined by the Court in accordance with the law and the evidence, not to exceed $3,975,000. Aaron Wilmot's economic losses are ongoing, and he will seek leave to amend this pleading shortly before trial to update those damages.

24.

At the time Veteran Aaron Wilmot suffered permanent neurological damage, he was

**COMPLAINT - 8**

33 years old and had a reasonable life expectancy of an additional 49 years.

## PRAYER

WHEREFORE, Plaintiff Aaron Wilmot prays for judgment against Defendant United States of America, as follows:

(a)     For non-economic, human damages from Defendant's negligence, in an amount to be determined by the Court,  not to exceed $5,250,000;

(b)     For economic damages from Defendant's negligence, in an amount to be determined by the Court, not to exceed $3,975,000; and

(b)     For his costs and disbursements incurred in this action.

Dated: July 19, 2016                    THE CORSON & JOHNSON LAW FIRM

Don Corson, OSB# 851777
dcorson@corsonjohnsonlaw.com
Derek Larwick, OSB #120334
dlarwick@corsonjohnsonlaw.com

Attorneys for Plaintiff

**COMPLAINT - 9**

DON CORSON, J.D.,
Trial Attorney
dcorson@corsonjohnsonlaw.com

LARA C. JOHNSON, J.D.,
Trial Attorney
ljohnson@corsonjohnsonlaw.com

DEREK LARWICK, J.D.,
Trial Attorney
dlarwick@corsonjohnsonlaw.com

T H E
CORSON &JOHNSON
L A W   F I R M
940 Willamette Street – Suite 500
Eugene, Oregon 97401
(541) 484-2525
—————
Fax: (541) 484-2929

WENDY JO FORD
MICHAEL KEMPLE
MAUREEN GRIFFIN
Paralegals

HELENE MONTGOMERY
Legal Assistant

KATHERINE SMITH
Office Manager

www.CorsonJohnsonLaw.com

January 6, 2016

*Sent Certified Mail, Return Receipt Requested*
*Confidential Settlement Communications*
*Subject to FRE 408*

Veteran Affairs Office of Regional Counsel
100 SW Main St., Floor 2
Portland, OR 97204

Re:  *Claim on Behalf of Veteran Aaron Wilmot*

Dear Office of Regional Counsel:

This letter is provided to your office with the enclosed SF-95 as notice of Veteran Aaron Wilmot's claim against the United States of America (Roseburg VA Medical Center) for negligent medical care on July 23 and July 24 of 2014. The description below is intended to allow your office to better understand the facts and circumstances giving rise to Veteran Wilmot's claim.

In the summer of 2014, Marine Veteran Aaron Wilmot was an experienced and competitive athlete. On July 23, 2014, at approximately 8:00 a.m., Veteran Wilmot was lifting weights at a gym in Roseburg, Oregon. Veteran Wilmot heard a popping sound and fell to the ground in severe pain. Veteran Wilmot sought immediate treatment at the Roseburg VA Medical Center Emergency Department.

Exhibit A
Page 1 of 7

Office of Regional Counsel
January 6, 2016
Page 2

As reflected in the VA records, at 8:45 a.m. on July 23, 2014, Veteran Wilmot reported to the emergency room staff the "lower back and hip pain" that had begun 30 minutes earlier when he was "dead lifting 425 pounds, had weight above his knees when [he] heard a pop and right knee buckled, knee and hips twisted." Veteran Wilmot also reported "a burning pain bilateral lower back, bottom of feet are numb, tingling at bottom of left foot and down left leg." At approximately 9:07 a.m., ED physician David Rickman diagnosed "lower back strain," sent Veteran Wilmot home with a prescription for cyclobenzaprine, and instructed Veteran Wilmot to use ibuprofen and Flexeril to manage the pain and to "[r]eturn if worse in any way."

Once Veteran Wilmot was back at his home, his tingling and numbness symptoms worsened. He was unable to urinate, despite the urge to do so, and he could not feel sensation in his saddle area. The VA records show that Veteran Wilmot called the VA at approximately 10:43 a.m., and he reported that he "feels like he needs to urinate all of the time and he is also experiencing numbness in his genital area and buttock area." A note was made for a physician to return Veteran Wilmot's call.

Veteran Wilmot did not receive a call back from the VA. At approximately 12:30 p.m., Veteran Wilmot's wife came home from her job and drove Veteran Wilmot back to the Roseburg VA Medical Center Emergency Department. Due to his pain and difficulty walking, Veteran Wilmot came to the waiting room by wheelchair. The VA records that have been made available to our office do not appear to document Veteran Wilmot's second visit to the Roseburg VA Medical Center Emergency Department on July 23, 2014.

At the return visit, Veteran Wilmot explained to Dr. Rickman the worsening symptoms, including numbness in his feet, legs, buttocks, and penis. Dr. Rickman told Veteran Wilmot that his injury was a muscle strain, that he should go home and move around, and that he should take ibuprofen and muscle relaxers as needed. Veteran Wilmot returned home as instructed.

The VA records indicate that Veteran Wilmot's earlier call at 10:43 a.m. was returned at approximately 4:38 p.m. The records show that Veteran Wilmot reported "persistent numbness tingling to buttocks & groin area," "some trouble with urination," and "having to strain to urinate." A follow-up appointment with Veteran Wilmot's primary care physician was scheduled for the following day, July 24, at 2:00 pm.

Office of Regional Counsel
January 6, 2016
Page 3

At the July 24 appointment, at approximately 2:09 pm, Veteran Wilmot reported "pain with numbness in butt and groin area" and "trouble with urination having [to] press on bladder and takes 15 min before he can go." The note at 2:56 p.m. by the PA noted Veteran Wilmot's reports of difficulty urinating and of "'pins and needles' to his saddle area, that he can not feel his scrotum when he pinches it, same with his penis, unable to feel it unless his pinches it very hard."

The PA and physician ordered an MRI for that afternoon. The MRI results showed disc herniation causing cauda equina syndrome. Veteran Wilmot was then transported by ambulance to Sacred Heart Medical Center at RiverBend in Springfield, Oregon. Surgery was scheduled for the following morning, and Veteran Wilmot was kept overnight.

The procedure, "evacuation of ruptured disk and epidural hematoma," began at 9:36 a.m. and ended at 11:00 a.m. on July 25. The surgeon described the procedure as follows:

> "[A] small incision was made over the L3-L4 interspace and deepened down through Scarpa's fascia into the lumbosacral fascia, strictly staying on the left side. A medial hemilaminotomy and medial hemifacetectomy at the left L3-4 is then performed under high-power magnification with the operative microscope. Then, the thecal sac was gently manipulated and moved medially and a large amount of free disk fragment material and hematoma is removed from the epidural space. After meticulous hemostasis was achieved, the wound is irrigated out with antibiotic irrigation and closed in layers."

After the surgery, Veteran Wilmot began in-patient rehabilitation at Sacred Heart Medical Center, RiverBend. On July 30, he was transferred to the Sacred Heart Medical Center in the University District. On August 13, Veteran Wilmot was discharged from Sacred Heart in-patient rehabilitation. He suffers permanent, incomplete paraplegia.

The Roseburg VA Medical Center was negligent in failing to timely make the proper diagnosis and obtain the appropriate surgical intervention for Veteran Wilmot.

Office of Regional Counsel
January 6, 2016
Page 4

   Please find enclosed with this letter Veteran Wilmot's completed SF-95 and a CD containing pertinent medical records.

                              Sincerely,

                              Derek Larwick

encl.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>VA Regional Counsel<br>100 SW Main St., Floor 2<br>Portland, OR 97204 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Aaron Wilmot<br>2048 SE Lois Drive<br>Roseburg, OR 97470 |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [X] MILITARY  [ ] CIVILIAN | 01/07/1981 | Married | 07/23/2014      Wednesday | 9:07 A.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Veteran Aaron Wilmot suffered a herniated disc at approximately 8:00 a.m. on July 23, 2014. He presented to the Roseburg VA Emergency Department. At approximately 9:07 a.m., Dr. David Rickman diagnosed "lower back strain," and sent Mr. Wilmot home. At approximately 10:43 a.m., Mr. Wilmot phoned the VA to report increased symptoms, including numbness. Mr. Wilmot returned to the VA at approximately 1:00 p.m., and Dr. Rickman again sent Mr. Wilmot home. Imaging on July 24, 2014, confirmed a herniated disc. Mr. Wilmot later underwent surgery, but the delay caused partial paraplegia.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

not applicable

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

The Roseburg Veteran Affairs Emergency Department's delayed diagnosis and treatment of Mr. Wilmot's disc herniation and cauda equina syndrome, which caused incomplete paraplegia to Mr. Wilmot.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Kristina McKillop (wife) | 2048 SE Lois Drive, Roseburg, Oregon, 97470 |
| Kathy Wilmot (mother) | 152 Betty's Way, Canyonville, Oregon, 97417 |
| Dave Powell (Crossfit coach) | 760 NW Hill Street, Roseburg, Oregon, 97471 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars). | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 10,000,000 | 0.00 | 10,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 541-391-9840 | 01/06/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

Exhibit A
Page 5 of 7

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

not applicable
claim does not involve injuries arising from motor vehicle or property damage

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   | 17. If deductible, state amount.

not applicable - no claim for property damage

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

not applicable to this claim

**INSTRUCTIONS**

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
    A.   *Authority:* The authority to collect the information is derived from one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

    B.   *Principal Purpose:* The information requested is to be used in evaluating claims.
    C.   *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
    D.   *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery<br>DOROTHY    FG |
| 1. Article Addressed to:<br><br>Veteran Affairs General Counsel<br>100 SW main St Flr 2<br>Portland OR 97204 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*)    7012 3050 0000 6446 4602 | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | |

Exhibit A
Page 7 of 7